IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHALMERS WRAY                                                    PLAINTIFF

            v.                     Civil No. 09-6071

CORRECTIONAL MEDICAL SERVICES;
DR. BHALRAVI KHAROD, University of
Arkansas for Medical Sciences; JONES EYE
INSTITUTE, University of Arkansas
for Medical Sciences; DR. LIGGETT,
Ouachita River Correctional Unit (ORCU),
Arkansas Department of Correction; NURSE
OWENS, ORCU; VALERIE S. STEVENS,
Health Service Administrator, ORCU; DREAM
YOUNG, MENTAL HEALTH SUPERVISOR,
ORCU; and DR. BLACKMON, Cummins Unit           DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before the undersigned for preservice screening under the provisions of the Prison Litigation Reform Act. Specifically, pursuant to 28 U.S.C. § 1915A the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B)(I-iii).

-1-

## I. Background

According to the allegations of the amended complaint (Doc. 6), on February 13, 2008, plaintiff, Chalmers Wray (hereinafter Wray), was taken to the University of Arkansas for Medical Sciences (UAMS), Jones Eye Clinic, in Little Rock and seen by Dr. Bhalravi Kharod.  Dr. Kharod examined Wray's eyes and prescribed him medication.  At the time Wray stated he was able to see clearly through both eyes.  Wray states he had recently had laser surgery on both eyes at UAMS.  However, he does not indicate when this surgery was performed or who performed it.

Wray was transported back to the Ouachita River Correctional Unit of the Arkansas Department of Correction (ADC) located in Malvern, Arkansas.  He was seen there by Dr. Liggett.  Wray alleges Dr. Liggett violated his rights by forcing him to return to his barracks even though he was complaining "greatly of pain and redness in [his] right eye."

On February 17th, Wray asserts he reported to the unit infirmary and was seen by Nurse Owens.  Wray learned his prescribed medication still had not arrived.  He alleges Nurse Owens "rudely stated she cared less whether [he] could see or not."

Wray then wrote grievances about his eyes.  On February 18th, while he was in his cell, Wray alleges he went completely blind in his right eye.  He states he was then seen by Valerie S. Stevens, L.P.N. and Dream Young, Health Services Administrator.

On July 7, 2008, Wray was transferred to the Cummins Unit of the ADC located in Grady, Arkansas.  At the Cummins Unit, Wray states he has been under the treatment of Dr. Blackmon.  Wray alleges Dr. Blackmon cut off his medication for pain and all his follow-up appointments for his eye.

-2-

## II.  Discussion

Several of Wray's claims are subject to dismissal.  First, Wray's claims against Dr. Kharod and the Jones Eye Institute are subject to dismissal.  Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution.  *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).  The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983.  *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986).

Dr. Kharod is a private physician who was not employed by the ADC.  In *Montano v. Hedgepeth*, 120 F.3d 844 (8th Cir. 1997), the Eighth Circuit set forth the analysis to be applied in determining whether state action exists for purposes of § 1983.  Specifically, the court said:

> In ascertaining the presence of state action, we must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2753, 73 L. Ed. 2d 482 (1982).  Resolving this question entails a journey down a particularly fact-bound path, *see id.* at 939, 102 S. Ct. at 2754-55, but the Supreme Court has identified two legal touchstones to provide guidance along the way.  To begin with, there can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id.* at 937, 102 S. Ct. at 2753.  Furthermore, "the party charged with the deprivation must be a person who may fairly be said to be a state actor.  This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*; *see*

-3-

*also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir.1987) (repeating two part test).

*Montano*, 120 F.3d at 848.

In this case, Wray has alleged only that he was treated at the Jones Eye Clinic by a private physician. There is no allegation that the treatment was rendered pursuant to a contract between the doctor, or the Jones Eye Clinic, and the ADC. Applying the functional approach adopted by the Eighth Circuit in *Montano*, the court believes a private physician treating a detainee at a facility not associated with the prison and utilizing his independent medical judgment is not answerable to the state and does not act under color of state law for purposes of § 1983. *See e.g., Koulkina v. City of New York*, 559 F. Supp. 2d 300, 320 (S.D.N.Y. 2008)(private physician not state actor when he merely provided treatment in accordance with his professional medical judgment and was not under a state contract).

Next, the claims against Correctional Medical Services (CMS) are subject to dismissal. By order entered on June 16, 2009 (Doc. 3), Wray was advised that CMS could not be held liable for the actions of its employees under a theory of respondeat superior. *See e.g., Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). Instead, Wray was advised that CMS could be held liable only if "there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). Wray was directed to file an amended complaint identifying any such policy, custom, or official action on the part of CMS (Doc. 3). The amended complaint (Doc. 6) does not list CMS as a defendant and does not mention any policy, custom, or official action on CMS's part.

Finally, the claims against Dr. Blackmon arose following Wray's transfer to the Cummins Unit of the ADC on July 7, 2008. The Cummins Unit is located in Grady, Arkansas. Grady is

-4-

located in Lincoln County.  Lincoln County is within the Pine Bluff Division of the Eastern District of Arkansas.  All actions taken by Dr. Blackmon occurred in the Eastern District of Arkansas.  All services provided by Dr. Blackmon, his records, and any health care personnel involved in assisting him with Wray's care are located within the Eastern District of Arkansas. The claims against him should therefore be dismissed from this action.

### III. Conclusion

For the reasons stated, I recommend that the following claims be dismissed for failure to state a claim upon which relief may be granted:  (1) the claims against Dr. Kharod and the Jones Eye Institute; and (2) the claims against Correctional Medical Services (CMS).   28 U.S.C. § 1915A(b)(1).  I further recommend that the claims against Dr. Blackmon be dismissed and plaintiff be instructed to file to file a separate lawsuit in the Eastern District of Arkansas asserting these claims.  Alternatively, I recommend the claims against Dr. Blackmon be severed, a separate civil action be opened, and that action be transferred to the Eastern District of Arkansas, Pine Bluff Division.

By separate order, the complaint will be served on the remaining defendants.

**Wray has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Wray is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **16th day of November 2009.**

/s/ *J. Marschewski*
_____
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)